UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HUMPHREYS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 11 C 5350 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge John W. Darrah |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner James Humphreys has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. For the reasons provided below, his petition is denied.

### BACKGROUND

Humphreys does not challenge the statement of facts set forth in the last court's decision addressing the merits of his argument, the Seventh Circuit. *United States v. Humphreys*, 468 F.3d 1051 (7th Cir. 2006) (*Humphreys*). Those facts therefore are presumed correct for the purpose of *habeas* review. 28 U.S.C. § 2254(e)(1); *Rever v. Acevedo*, 590 F.3d 533, 537 (7th Cir. 2010).

Following a jury trial in March 2004, Humphreys was convicted of possession of a firearm by a felon in violation of 28 U.S.C. § 922(g)(1). *Humphreys*, 468 F.3d at 1051. On June 28, 2005, Humphreys was sentenced by this Court to 188 months' imprisonment and five years of supervised release. Because Humphreys had previously been convicted of three violent felonies, he was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *Id.* Therefore, Humphreys was subject to a mandatory fifteen-year term of imprisonment.

1

Humphreys appealed the conviction and sentence on several grounds unrelated to the present petition, and the Seventh Circuit affirmed the conviction and sentencing on November 21, 2006. *Humphreys*, 468 F.3d at 1051. The Seventh Circuit denied rehearing and rehearing *en banc* on January 9, 2007. *Id.* The Supreme Court denied certiorari on October 1, 2007. *Humphreys v. United States*, 552 U.S. 829 (2007). Humphreys is currently incarcerated at USP Leavenworth in Leavenworth, Kansas. (Pet. at 1).

On August 8, 2011, Humphreys filed an Application for Writ for *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 in this Court. (*Id.*). Petitioner alleges that on or about December 1997 he received a letter restoring his civil rights as to the conviction for armed robbery, and on June 2000 he received a letter restoring his civil rights as to the conviction for aggravated battery. (Reply, Aff. ¶¶ 1-2).

## ANALYSIS

In his petition, Humphreys requests a reduction in his sentence, claiming that "the armed career criminal offender provision 18 U.S.C. §§ 921(a)(2), (924)(e) is no longer applicable because his state convictions have since been expired and his civil rights were restored." (Pet. at 1.) The Government argues that 28 U.S.C. § 2241 is not the proper vehicle for review, but even if it were, Humphreys' petition should be dismissed for lack of jurisdiction because he failed to exhaust his administrative remedies. Furthermore, the Government argues that if Humphreys' petition is treated as a Section 2255 petition, it should be dismissed as untimely.

A writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief. Section 2241 provides an avenue to challenge the execution, not the validity, of a sentence. *Woods v. Wilson*, No. 09-CV-0749, 2009 WL 2579241, at *1 (N.D. Ill.

2

Aug. 19, 2009) (citing *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir.1991)). By contrast, a § 2255 motion is used to attack the validity of a sentence. *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001). Because Humphreys challenges the application of the armed-career offender provision at his sentencing, his petition should be brought pursuant to § 2255. Accordingly, Humphreys' petition pursuant to 28 U.S.C. § 2241 is improper and is, therefore, denied.

Even if Humphreys' petition were properly brought pursuant to 28 U.S.C. § 2241, the Court lacks jurisdiction over Humphreys' claim. A § 2241 motion must be filed in the district where the petitioner is confined, that is, in the district that has jurisdiction over the petitioner's jailer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004). The proper respondent in a § 2241 petition is the petitioner's jailer, not the United States (the respondent that Humphreys named in his § 2241 petition). *Id.* at 435; *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006). Because Humphreys is incarcerated at USP Leavenworth located in Leavenworth, Kansas, his § 2241 petition should be filed in the District of Kansas, and he must name as respondent the Warden of USP Leavenworth.

Next, the Government argues that if Humphreys' petition is treated as a § 2255 petition, it should be dismissed as untimely. Humphreys' petition will not be treated as a § 2255 petition. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) ("Recharacterization of filings are in tension with the principle that district courts should treat prisoners' papers as what they purport to be, rather than converting suits from one kind to another – from § 2241 to § 2255 . . . ."

Even if it were, Humphreys' petition would be barred by the one-year statute of limitations. Section 2255(f) states that a one-year period of limitation applies to § 2255 motions, and that one-year runs from the latest of:

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Humphreys faced no impediment to making a motion, nor is there a newly recognized right by the Supreme Court retroactively applicable to this case. Humphreys received his restoration letters in 1997 and 2000, which predate his March 2004 trial. These letters could have been discovered by due diligence well before sentencing. Humphreys' judgment of conviction became final on October 1, 2007, the date the Supreme Court denied *certiorari*. Petitioner's time to file a § 2255 petition, therefore, lapsed on October 1, 2008. As such, Humphreys' arguments cannot be considered on the merits.

## CONCLUSION

For the reasons stated above, Humphreys' Application for Writ for *Habeas Corpus* Pursuant to 28 U.S.C. § 2241 [14] is denied.

Date: March 28, 2012

JOHN W. DARRAH
United States District Court Judge

4